```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ANDREW F. DUFFY, | : |
|     Plaintiff, | :   CIVIL ACTION NO. 06-2145 (MLC) |
| v. | :   **MEMORANDUM OPINION** |
| THEODORE J. HUTLER, JR., et al., | : |
|     Defendants. | : |

**THE PLAINTIFF**, Andrew F. Duffy, ("plaintiff"), bringing this action against defendants – Theodore J. Hutler, Jr. and the Ocean County Board of Chosen Freeholders ("defendants") – alleging that defendants violated his constitutional rights because of the overcrowding, hazardous health conditions, failure to provide cleaning supplies, and inadequate medical treatment at Ocean County Jail (dkt. entry no. 1, Compl., at 2); and

**DEFENDANTS** now moving to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim (dkt. entry no. 6); and defendants arguing that the complaint should be dismissed due to lack of subject matter jurisdiction because (1) plaintiff is no longer incarcerated at the Ocean County Jail and lacks standing to sue on behalf of present jail inmates, and (2) the complaint seeks remedies that would not affect plaintiff and therefore fails to state a claim for which relief can be granted (dkt. entry no. 6, Defs. Br., at 2-4); and

**THE COURT** noting that plaintiff has failed to oppose the defendants' motion and that the Court must address an unopposed motion to dismiss a complaint on the merits, <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991), <u>see</u> <u>Marcial v. Rawl</u>, No. 94-6709, 1995 WL 31614, at *2 n.1 (E.D. Pa. Jan. 25, 1995) (stating that under <u>Stackhouse</u>, when faced with an unopposed motion to dismiss the court must still address whether the complaint sets forth a viable cause of action); and the Court finding that as of May 31, 2006, plaintiff was no longer housed in the Ocean County Jail (dkt. entry no. 4); and the Court finding that plaintiff only requests the following equitable relief from the conditions of his confinement at the Ocean County Jail: "Provide clean + human living conditions for inmates, with proper housing and sleeping conditions. Give inmates adequate cleaning supplies and medical treatment" (dkt. entry no. 1, Compl., at 6); and the Court finding that plaintiff does not seek any monetary damages arising out of any injury from same confinement (<u>id.</u> at 6); and

**THE COURT** concluding that plaintiff's claim seeking equitable relief is moot because he is no longer housed in the Ocean County Jail, <u>see</u> <u>Abdul-Akbar v. Watson</u>, 4 F.3d 195, 197 (3d Cir. 1993) (finding no live case or controversy where the remedy could provide no relief to the plaintiff since he was no longer a prisoner); and the Court intending to grant the defendants'

motion to dismiss because plaintiff fails to state a claim for which relief can be granted; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                            s/ Mary L. Cooper  
                                            **MARY L. COOPER**  
                                            United States District Judge